242 P.2d 543

**DUNIPACE v. MARTIN et al.**
No. 5369.

Supreme Court of Arizona.

March 31, 1952.

Fred W. Fickett and Robert D. Stauffer, of Tucson, for appellant.

Moore & Romley, of Phoenix, for appellees.

DE CONCINI, Justice.

This appeal presents but one question for our determination, i. e., the propriety of asking prospective jurors questions phrased to determine whether they are in any way connected with an insurance company. Usually, such a question would only be propounded by plaintiff's counsel in the type of action where an insurance company might stand behind any liability for which the defendant would be found responsible.

Plaintiff, William S. Dunipace (appellant) as administrator of the estate of Theresa Mendibles, filed a civil action against Jerome P. Martin, then sheriff of Pima county, and his son Thomas C. Martin, a deputy sheriff, alleging in alternative counts that Theresa was killed due to the negligent operation of a county car driven by either the sheriff or his son (appellees). The Great American Indemnity Company, surety on the official bond of the sheriff, was named as a defendant.

Before starting voir dire examination, counsel for the plaintiff in the judge's chambers made three requests to the court, (1) that since he had reason to believe that one of the attorneys appearing for the Martins was representing a liability insurance company other than the named defendants which carried the liability insurance on the county car involved in the case, he wished that attorney to disclose the name of such company so he could "interrogate the jury concerning said company". This motion was denied by the court. (2) Counsel for plaintiff next requested the court to rule on the following question, which was to be asked the jury en banc: "Are you, or any of you, ladies and gentlemen, stockholders, directors, officers, or employees, or interested in any insurance company issuing policies against liability for negligence?" The court denied permission to ask the question. (3) The third request was for permission to ask this question: "Do you and your spouse, or either of you, carry liability insurance on your family car?", if previous examination had disclosed that they had a family car. The request was denied. Counsel maintained he was requesting the right to ask such questions solely for the purpose of intelligently exercising his clients' peremptory challenges and not to bring the possibility of insurance before the jury.

The cause of action alleging that the sheriff was driving was dismissed prior to submission of the case to the jury. The surety company on the sheriff's official bond received a favorable ruling on its motion for a directed verdict. The jury returned a 9–3 verdict in favor of the remaining defendants.

Plaintiff's contentions on this appeal are best expressed by the proposition of law supporting his three assignments of error. "Provided counsel acts in good faith, he has the right to question prospective jurors on voir dire respecting their interest in, or connection with, liability insurance companies. Denial of this right is prejudicial error."

There is no question that each party has a right to ascertain on voir dire examination whether jurors have any interest in the case which would influence their verdict. This rule is patent for the reason that each litigant is entitled to a fair and impartial jury.

The authorities are divided on the propriety of permitting counsel to ask such questions of prospective jurors. An excellent annotation is found in 4 A.L.R.2d 761, p. 792: " * * * All these considerations have been given due weight by the courts, and from their decisions it may safely be said that the following rule has been evolved: that, provided counsel acts in good faith, he may, in one form or another, question prospective jurors on the voir dire respecting their interest in, or connection with, liability insurance companies."

The different states have all approved some form of questioning that may be used. A majority of the states allow counsel to ask the jurors questions such as were sought to be asked in the case at bar. We do not agree with the majority holding. Such questioning emphasizes to the jury that insurance is connected with the case in some manner. Emphasis on insurance may sway borderline jurors on the question of negligence and liability and might well tend to induce jurors to render excessive verdicts. Even in those states that allow questions which would elicit the name of the indemnitor insurance company, they are still careful to control the insurance factor, and careful scrutiny is given such cases on appeal to see whether the verdict is excessive. We are mindful of the general rule as set out in Salt River Valley Water Users Ass'n v. Berry, 31 Ariz. 39, 250 P. 356, 357: "A stockholder in a corporation is incompetent to act as a juror in a case in which the corporation is a party or has any pecuniary interest". In this case (the elusive defendant) the insurance company was not named as a defendant. It would have been proper to question the jury about any interest they had in the Great American Indemnity Company, the surety on Sheriff Martin's official bond, which was named as a defendant. Counsel for plaintiff did not question the jurors on that defendant but sought to question them regarding a defendant not named.

If the inquiry were bona fide, counsel could easily ascertain whether the jurors were interested in any insurance company by asking whether they owned any shares of stock or by whom they were employed. As said in Safeway Cab Service Co. v. Minor, 180 Okl. 448, 70 P.2d 76, 78: "The attorneys should ask preliminary questions which might eliminate further questions. For instance, if a juror is asked if he owns stock in any corporation or is employed by one, and answers in the negative, further questions are unnecessary. * * *" The Oklahoma court then went on to suggest, if the answer was yes, that counsel ask the name or type of the corporation. If the juror's answer indicates he may have some interest involving liability insurance, counsel should not pursue the matter further but could then intelligently exercise his peremptory challenges.

The matter of calling to the jury's attention that defendant may carry insurance covering him for liability for his negligence is not new to this court. See: Blue Bar Taxi Co. v. Hudspeth, 25 Ariz. 287, 216 P. 246; Butane Corp. v. Kirby, 66 Ariz. 272, 184 P.2d 325; Consolidated Motors v. Ketcham, 49 Ariz. 295, 66 P.2d 246; Fike v. Grout, 39 Ariz. 549, 8 P.2d 242; and Arizona Cotton Oil Co. v. Thompson, 30 Ariz. 204, 245 P. 673. In those cases it was held the admission of such evidence before a jury was reversible

error. The exception of course is, where the defendant himself causes such information to come before the jury. Northern Ariz. Supply Co. v. Stinson, 73 Ariz. 109, 238 P.2d 937.

Plaintiff recognizes and admits the above rules but contends they do not apply because in those cases the rules did not involve voir dire examination of jurors. Plaintiff contends such voir dire questions, though possibly prejudicial, are nevertheless admissible. We do not agree with plaintiff on that score nor do we agree that Tom Reed Gold Mines Co. v. Morrison, 26 Ariz. 281, 224 P. 822, 825, is not in point. In the Reed case, two jurors who were in the insurance business were questioned closely by counsel and the latter inferred in his questions that the defendant carried casualty insurance. In that case we said: "It is very plain that this inquiry went further than was necessary, and that its purpose was, not merely to obtain information to guide counsel in selecting the jury, but rather to inform and impress upon the jurors the fact that the defendant was insured against loss from accidents to its employees. It is true that parties to any cause tried by a jury have the right to make such inquiries of those being examined as will enable them to select twelve fair and impartial men to decide the case, but this privilege does not permit them, under the guise of legitimate examination, to direct the attention of the jury to matters wholly irrelevant and which can serve no purpose other than to prejudice the defendant. * * * The fact that the defendant carried * * * insurance as a protection from loss in case of accident is a matter in which neither the jury nor the plaintiff had any concern whatever. The defendant's liability in no sense depended upon it, and the injurious effect knowledge of it by the jury was likely to have is so apparent that it is unnecessary to discuss it. * * *" We hold the better rule to be that which excludes such evidence.

There is one remaining question. Does a lawyer have to disclose the name of his clients? The general rule is that he does because the courts have recognized that in most instances the name of a client is not a privileged communication. Wigmore, Evidence, 3rd Ed., sec. 2313, Vol. VIII.

However, there is no reversible error in this instance because counsel requested the information for the sole purpose of bringing the matter of insurance to the attention of the jury, which as we have held, he had no right to do.

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.