308 P.2d 245

**William H. EVANS, Administrator-with-the-will-annexed, of the Estate of Mary Louise Anderson, Deceased, Appellant,**

v.

**Vera MASON, Appellee.**

No. 6137.

Supreme Court of Arizona.

March 12, 1957.

Evans, Hull, Kitchel & Jenckes, and William H. Rehnquist, Phoenix, for appellant.

Laney & Laney, Phoenix, for appellee.

LA PRADE, Justice.

This appeal is from a judgment in favor of the assignee of Soledad Mercado against the executor of the estate of Mary Louise Anderson. The complaint alleged an oral contract under the terms of which Soledad Mercado, promisee, was engaged to perform services for the deceased in consideration for decedent's promise to compensate her "well" by means of her will. It was alleged that the promisee had fully performed her part of the agreement but that the promissor had made no provision for remuneration in her will in payment of the

services. The executor having refused a claim for the alleged reasonable value of such services, the assignee instituted suit to recover therefor. The cause was tried to a jury which rendered a verdict in favor of the plaintiff-assignee. From the judgment entered on this verdict and from an order denying defendant's motion for judgment n. o. v. or new trial in the alternative, the defendant executor appealed.

The evidence reflects the following state of facts:

Soledad Mercado, appellee's assignor, was the wife of Emilio Ray Mercado, who was employed by the deceased as houseman and chauffeur, and for such services he received an agreed salary in addition to room and board for him and his family. They and their son lived with the decedent at her home in Phoenix. When decedent's regular cook discontinued her employment in 1939 the decedent requested Soledad to assume the cooking and laundry responsibilities for her. The deceased, then about seventy-five years of age, stated that she was getting old and that if Soledad would help her she would pay her well by means of her will. The deceased reaffirmed this arrangement through the years. Numerous witnesses, other than Soledad and Emilio, testified to the effect that Emilio's employment was separate from Soledad's, and that the latter would be compensated under the terms of her will for her services to the deceased. In reliance on this understanding Soledad served the deceased full time until 1950 as cook, laundress and nurse, and thereafter part time in these capacities until decedent passed away in 1953. With respect to the letter period Soledad and decedent agreed that another cook should be employed to permit Soledad to devote more time to business activities in which she had theretofore engaged in her spare time. Under this arrangement Betty Nelson was employed by decedent, but Soledad continued on as supervisor of the new servant and took her place on the latter's day off. Betty Nelson testified that in 1951 the deceased had stated to her that "my agreement with Soledad is that I will pay her in my will and I am going to pay her well * * *", and further testified that she relayed this information to Soledad. The deceased executed two wills, one in 1946 and the other in 1950, the latter being in effect at the time of her demise. To the extent of bequests to them the Mercados knew the provisions of both wills, and, therefore, knew that neither made specific provision for compensation to Soledad for services rendered and to be rendered pursuant to the alleged oral agreement.

Under the terms of the 1950 will the Mercados were bequeathed household furnishings appraised at $300 and an automobile worth $2,400; Emilio received $3,000 cash. An employment agent testified that services such as those rendered by Soledad were worth an average of $250 per month, with

room and board, for the approximately eleven-year period in which Soledad was employed full time. During the entire period that Soledad served the decedent she received no direct remuneration. Her claim demanded $200 per month for eleven and one-third years of full time service, and $1,000 for the three-year period of part time service, as the reasonable value of these services. The verdict awarded plaintiff the sum of $20,000 and judgment was entered against the estate in that amount.

Appellant first contends that the evidence at best establishes an oral agreement within the Statute of Frauds, section 58–101, A.C.A.1939, section 44–101, A.R.S.1956; that recovery is therefore barred by that statute; and that Soledad's performance under the contract was not of such moment as to remove the alleged contract from the statute based upon the doctrine of part performance. Appellee counters that even if the statute were applicable recovery must be permitted on the theory of quantum meruit.

As a general proposition the doctrine of part performance is purely an equitable doctrine, and is not available to sustain an action at law on a contract within the Statute of Frauds. White v. McKnight, 146 S.C. 59, 143 S.E. 552, 59 A.L.R. 1297.; Dondero v. Aparicio, 63 Cal.App. 373, 218 P. 608. This principle prevails notwithstanding that in this jurisdiction the distinction between law and equity has been abolished. Rule 2, Arizona Rules of Civil Procedure, 16 A.R.S. The merger of these divisions of jurisprudence is a procedural one, and the substantive distinctions between equitable and legal remedies remain substantially unchanged. Carter Coal Co. v. Litz, D.C.1943, 54 F.Supp. 115; Barron and Holtzoff on Federal Practice and Procedure, Vol. 1, section 141, at p. 261; Bereslavsky v. Caffey, 2 Cir., 161 F.2d 499; Sanders v. Sanders, 52 Ariz. 156, 79 P.2d 523. Therefore, the doctrine of part performance would have application in this case only if the facts were such as to warrant equitable relief. Appellee sought damages in an action at law upon the contract, or in the alternative recovery upon a quantum meruit. This makes it clear that the equitable doctrine of part performance is without application, and that further consideration of the circumstances essential to reliance upon it are unnecessary in a disposition of this case.

Subsection 8 of section 58–101, A.C.A.1939, supra, brings within the statute agreements which by their terms cannot be performed during the lifetime of the promissor, and agreements to devise or bequeath any property, or make provision for any person by will. This subsection was lifted bodily from the statutes of California. Brought v. Howard, 30 Ariz. 522, 249 P. 76, 48 A.L.R. 1347; Gold v. Killeen, 44 Ariz. 29, 33 P.2d 595, 94 A.L.R. 448. California, in interpreting the comparable pro-

visions of its code, has held that, notwithstanding performance in full by the promisee, no action at law can be maintained on an oral contract calling for performance of services during the lifetime of a party in return for a promise to compensate therefor by means of a will. Hagan v. McNary, 170 Cal. 141, 148 P. 937, L.R.A.1915E, 562; Zellner v. Wassman, 184 Cal. 80, 193 P. 84; Toney v. Security First Nat. Bank of Los Angeles, 108 Cal.App.2d 161, 238 P.2d 645. Our court is committed to this rule. Gold v. Killeen, supra. Inasmuch as the oral contract here involved falls clearly within subsection 8, and in consonance with the rule above stated, we hold that the Statute of Frauds is applicable, and having been pleaded is an effective bar to the action at law upon the oral agreement here in controversy, performance in full by the promisee notwithstanding.

 It is, however, a well-established rule that where an oral contract to will property as compensation for services, or to pay therefor by will, is within the Statute of Frauds, and no action can be maintained thereon for this reason, one who has rendered services pursuant thereto is not remediless for he can sue on a quantum meruit, a promise to pay the reasonable value thereof being implied. For collection of cases see 106 A.L.R. 753; Zellner v. Wassman, supra; Manford v. Coats, 6 Cal.App.2d 743, 45 P.2d 395; Burr v. Floyd, 137 Cal.App. 692, 31 P.2d 402. cf. Crane v.

Franklin, 17 Ariz. 476, 154 P. 1036. In an action of this character the vital elements which the plaintiff must prove in order to establish a prima facie case are the performance of services and the reasonable value thereof. Defenses available against such an action include a showing that the services were not in fact furnished; that they were not of the value claimed; that they had been furnished gratuitously; and, that they had been paid for during the lifetime of the decedent. Tucker v. Reil, 51 Ariz. 357, 77 P.2d 203. In an action to recover for such services the measure of damages is the actual value of the services rendered to the decedent. Ellis v. Berry, 145 Miss. 652, 110 So. 211; Grantham v. Grantham, 205 N.C. 363, 171 S.E. 331. We have carefully examined the record before us and find that the complaint was broad enough to state a cause of action on quantum meruit; that the vital elements, above stated, were each supported by competent testimony; and that the instructions encompassed this theory of recovery, including a correct statement, with respect to the measure of damages.

 Appellant next asserts that this action is barred by the Statute of Limitations, section 29–203, subsection 1, A.C.A. 1939; section 12–543, A.R.S.1956. The recovery here is not based upon the actual oral agreement but upon a promise which the law implies to pay the reasonable value of the services rendered. The cause of ac-

tion under such circumstances does not arise until the termination of such services. Gold v. Killeen, supra; Burr v. Floyd, supra; Leoni v. Delany, 83 Cal.App.2d 303, 188 P.2d 765, 189 P.2d 517. The facts reflect that Soledad continued to serve the decedent in, at least, a part-time capacity until her death, and that no compensation was to be paid therefor until that time. It is therefore evident that the cause of action here involved arose at the instant of decedent's demise. As a consequence we find that no part of the period of service was barred by the Statute of Limitations.

■■■ Appellant further contends that Soledad's conduct in remaining silent after learning of the provisions of deceased's 1950 will estops her from now asserting her claim. An essential element of equitable estoppel is that the adverse party must have relied upon the conduct. Heckman v. Harris, 66 Ariz. 360, 188 P.2d 991; City of Glendale v. Coquat, 46 Ariz. 478, 52 P.2d 1178, 102 A.L.R. 837; Weaver v. Martori, 69 Ariz. 45, 208 P.2d 652. There is nothing in the facts to indicate that the deceased relied upon the silence of Soledad or was misled thereby. On the contrary, the evidence reflects that over a year after the execution of the 1950 will decedent stated to Betty Nelson that her agreement with Soledad was to pay her by means of her will. It is, therefore, clear that the doctrine of equitable estoppel is without application here.

■■■ Appellant next insists that the trial court erred in permitting plaintiff's counsel to interrogate prospective jurors relative to their connection with Vassar College, an eastern girls' school, and residuary legatee under the terms of decedent's will. In this regard appellant argues that such inquiry on voir dire examination of jurors is conduct exactly analogous to that condemned by the rule which forbids reference to the fact that a defendant carries liability insurance, citing Dunipace v. Martin, 73 Ariz. 415, 242 P.2d 543; and also Tom Reed Gold Mines Co. v. Morrison, 26 Ariz. 281, 224 P. 822. We do not see the applicability of the rule in these decisions to the instant case. In Young v. State, 38 Ariz. 298, 299 P. 682, we correctly stated that the purpose of voir dire examination of jurors is to determine the real state of their minds so that a fair and impartial jury can be chosen, and to this end the allowance of a question rarely constitutes reversible error though refusal to permit one to be asked may sometimes be. The line of interrogation objected to might well have produced answers that would have induced counsel to exercise his rights of peremptory challenge.

■■■ Appellant assigns as error the admission of evidence of the value of decedent's estate. In this regard we find the rule to be that in an action against an estate for the reasonable value of service, the ad-

mission in evidence of the value of the estate, over objection, is reversible error unless such fact is relevant to matters in issue such as where there is a controversy as to whether the decedent had agreed to compensate the claimant, and the circumstances are such as corroborate the probability of the existence of the alleged contract. Andrews v. Watkins' Estate, 104 Vt. 321, 160 A. 176; Plank v. Combs, 84 Ind. App. 446, 151 N.E. 342; Moslander v. Moslander's Estate, 110 Ind.App. 122, 38 N.E.2d 268. cf. Tucker v. Reil, supra. It was extremely important for the appellee to establish the existence of a separate oral agreement providing that decedent would compensate Soledad by her will, even though recovery on the actual agreement was barred by the Statute of Frauds. This is true because establishment thereof tended to negative the defense that the services rendered by Soledad were compensated by decedent during her lifetime. At this juncture it is worthy of note that for many years Soledad performed many arduous duties for Miss Anderson, such as massaging her each evening, taking her to the bathroom each night, bathing her, dressing and undressing her, the giving of enemas, and delivering food by tray. During these years Miss Anderson had to be treated like a baby. Her care included the necessity of keeping diapers on her, changing and washing them, as well as the bedding she would soil. These are all facts and circumstances making it reasonable that one of her financial standing would, during those times and under those conditions, make the alleged contract. Therefore, her wealth and financial ability to enter into such an agreement for such services we believe was entirely relevant and admissible in testing the probability that she did so engage herself.

Appellant complains that the trial court erred in permitting Soledad, appellee's assignor, to testify, over objection, as to conversations she had with the decedent, contending that such testimony is forbidden by the so-called "dead man's statute". Section 23–105, A.C.A.1939, section 12–2251, A.R.S.1956. In Corbett v. Kingan, 19 Ariz. 134, 166 P. 290, 294, we stated:

"* * * that the persons prohibited from testifying under our statute as to transactions and statements of a deceased person when a judgment may be either for or against the legal representative, heir, devisee, or legatee of the decedent are confined to formal technical parties to the suit, and that the interest of the witness, however immediate or extensive, is not the disqualifying factor."

Therefore, Soledad, as assignor of the claim, was not a party within the meaning of the statute as interpreted, and could not be precluded from testifying on that ground. Appellant argues that under the rule of the Kingan case the "dead man's

statute" becomes effectively a "dead letter statute", and suggests that this case be overruled. Appellee counters this request by setting forth the arguments made in the Kingan case, and we think that they are sound and show that a contrary rule would be fallacious and unreasonable. For this reason we decline to recede from its holding.

Finally, appellant assigns as error the refusal of an instruction upon the distinction between the assumption of a binding obligation by decedent and a mere expression of testamentary intention; the refusal of an instruction to the effect that all sums paid the Mercados were community property even though checks therefor may have been made out solely to Emilio; and the failure to include in an instruction which was given, a requirement that the jury give consideration to the compensation and benefits received by the Mercados from decedent during her lifetime.

It will not be deemed error to refuse an instruction requested by a party where, in viewing the instructions as a whole, the jury, was properly informed as to the law governing the case. Ruth v. Rhodes, 66 Ariz. 129, 185 P.2d 304; Southwestern Freight Lines v. Floyd, 58 Ariz. 249, 119 P.2d 120. The basic issue to which the first instruction was directed was the existence of a separate oral agreement to compensate Soledad according to the terms of the decedent's will; the second instruction and the proposed modification covered the issue as to whether Soledad was compensated during the lifetime of the decedent. Our review of the instructions which were given reveals that they manifestly encompassed both of these matters, and were sufficient to apprise the jury as to the law governing these matters. Therefore, the trial court's refusal to give these instructions was not error.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS and STRUCKMEYER, JJ., concur.