267 So.2d 670 (1972)
Roger DEAN and Roger Dean Chevrolet, Inc., a Florida Corporation, Appellant,
v.
Frank P. BLANK, d/b/a Frank P. Blank Painting and Decorating, Appellee.
No. 72-42.
District Court of Appeal of Florida, Fourth District.
October 18, 1972.
*671 Thomas R. Shahady, of Warwick, Paul, Campbell & Shahady, Palm Beach, for appellant.
Frederick H. Hope, Palm Beach, for appellee.
WHITE, JOS. S., Associate Judge.
This is an action in assumpsit on a quantum meruit. Trial was before the court, without jury. The lower court entered judgment for the plaintiff and the defendant has appealed. The parties will be referred to in this opinion according to their positions in the lower court.
Plaintiff claimed a balance due of $7,011.41 for painting the exterior and interior of defendant's dwelling house. The statement showed that plaintiff charged for 1644 painter hours at $6.75 per hour and 364 apprentice hours at $5.25 per hour. The amount of $1,085.60 was charged for materials. A payment, made during the progress of the work, of $7,347.34 was shown.
Defendant argues in this court that plaintiff should not have been allowed to recover because he failed to prove that it was reasonably necessary to take the number of hours claimed to do the work for which plaintiff had been engaged.
In an action on a quantum meruit the measure of damages is the reasonable value of the labor performed and the market value of the materials furnished. Fred Howland, Inc. v. Hollywood Tile & Terrazzo Co., Fla.App. 1968, 207 So.2d 700.
The vital elements to be proved by plaintiff in order to establish a prima facie case are the performance of the services and the reasonable value thereof. Evans v. Mason, 1957, 82 Ariz. 40, 308 P.2d 245, 65 A.L.R.2d 936.
Proof of fair value of plaintiff's services involve two elements: (1) the nature and extent of the services which plaintiff has performed and, (2) the reasonable value thereof. Anderson v. Zweigbaum, 1963, 150 Conn. 478, 191 A.2d 133, 5 A.L.R.3d 941.
After plaintiff has thus made a prima facie case, that the services were not, in fact, performed, or were not of the value shown, are matters of defense.
Where plaintiff, either deliberately or without design, has done more than he was engaged to do, is he entitled to the reasonable value of what he has actually done or merely what he was engaged to do? Surely, in such a case, he would be *672 entitled to no more than the reasonable value of what he was engaged to do. It, therefore, would seem to follow that any contention on defendant's part that plaintiff has taken longer to do a job than he should have taken would go to a lessening or decreasing of the value shown by plaintiff and would be a matter of defense. We can find no authority, nor have we been referred to any, to the contrary.
Of course, if it should appear in the first instance from plaintiff's proof that he has exceeded his engagement, he should be allowed nothing for the overwork.
Plaintiff and his witnesses described in detail the "nature and extent" of the work which plaintiff performed. The size of the house was described. The problems encountered were detailed. The work performed in overcoming the problems and in doing the work in a first class manner was shown. Reasons for the necessity of taking what may appear to an ordinary layman as an excessively long time to paint a house were explained. Eleven different workmen were involved from time to time in doing the work. In some instances there were as many as four coats of paint applied, with sanding operations between coats. Some of the work was done on Sunday for which "time and a half" was paid. Defendant, himself, frequently visited the premises and apparently was aware of what was going on. Of course, it is quite likely that a different procedure could have been followed in less time than was actually taken. However, plaintiff is described to us as an experienced "yacht painter", and, undoubtedly, it was to secure plaintiff's special skill and technique that prompted defendant to engage plaintiff to do this work. He gave plaintiff a carte blanche, and it was plaintiff's technique that defendant hired.
The record discloses that time sheets were kept on the job, purporting to show each hour worked. They were received in evidence. In the absence of proof to the contrary, the trial court had the right to draw the conclusion that the time sheets accurately reflected the number of hours devoted to the work performed.
We conclude from the record that the lower court was justified in finding that plaintiff had shown the "nature and extent" of the services performed, and had, thus, met the requirement of element (1) above mentioned.
Regarding element (2), requiring proof of the "reasonable value" of plaintiff's services, we find no dispute between the parties for the hourly rates charged by plaintiff.
There was nothing in writing between the parties, preliminary to commencing the work, but plaintiff recently had done painting of a similar character for defendant and when defendant engaged plaintiff to do the work now in question, it was understood by each of them that plaintiff was to be paid upon the same basis as before. The statement rendered defendant during the progress of the work was upon this basis and defendant paid it without objecting to the hourly wage rates. The statement rendered at that time indicated that the work was three-quarters finished and defendant explained that it was in this belief that he made payment. Nevertheless, it showed a willingness to accept the wage rates charged, and plaintiff explained that problems subsequently encountered led to his miscalculation. In fact, defendant's brief recites:
"The only agreement between Appellee and Appellant in the instant case was that the Appellant would pay the Appellee for all materials and, in addition, would pay an hourly wage for painters of $6.75 an hour and for apprentices of $5.25 an hour."
The hourly wage rates having been thus fixed between the parties, there was no necessity to make further proof of the "reasonable value" of plaintiff's services. Nevertheless, and for what it is worth, we *673 call attention to the following question found in the transcript upon cross-examination of one of plaintiff's witnesses, a painter who assisted in the work:
"Mr. Muczko, do you think $14,300 is a reasonable figure for painting this three-bedroom house?"
to which the witness answered:
"Well for the time put in it, I would say yes, for the men who done the work, which they did very good and very hard."
Finding, as we do, that the record contains competent substantial evidence to support the trial court's finding, and appellant having failed to demonstrate any judicial error, we conclude that the judgment should be affirmed.
Affirmed.
OWEN and MAGER, JJ., concur.