# ATLAS SWIMMING POOLS, INC. v THE FOUNTAINS OF PALM BEACH

Case Nos. M-85-10619-C and M-85-10620-S

County Court, Palm Beach County

February 12, 1986

## APPEARANCES OF COUNSEL

**Sidney Kovner**, President, Atlas Swimming Pools, Inc., pro se.

**Timothy W. Gaskill** and **Mikel D. Greene** for defendants.

## OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

These consolidated cases came before the Court for non-jury trial. Based on the sworn testimony and exhibits introduced into evidence, the Court makes findings of fact and draws conclusions of law as follows:

The plaintiff corporation is in the business of building swimming pools. Plaintiff's president is an experienced civil engineer. The engineering drawings which form the largest portion of Plaintiff's claim were prepared by Plaintiff's president.

At Defendant's request, Plaintiff prepared engineering drawings and expended monies in preparation for the construction of two swimming pools. Plaintiff had previously built swimming pools for Defendant. On those jobs, the parties entered into written contracts and Plaintiff was paid for its work. Here, time constraints prevented the execution of

written contracts, so Plaintiff commenced working without any formal agreement as to compensation. For various reasons, another company ultimately built the two pools for Defendant. Defendant made no use whatsoever of Plaintiff's engineering drawings or work. Characterizing Plaintiff's claim as one of quantum meruit, Defendant argues that Plaintiff is not entitled to recover because Defendant neither accepted the plans nor derived any benefit from Plaintiff's efforts.

Numerous Florida cases contain language ostensibly supporting Defendant's argument, *E.g., Tobin & Tobin Insurance Agency, Inc. v. Zeskind*, 315 So.2d 518 (Fla. 3d DCA 1975); *Fred McGilvray, Inc. v. Delphian Group, Inc.*, 424 So.2d 891 (Fla. 3d DCA 1982). However, Defendant fails to distinguish between contracts implied in fact and contracts implied in law. Because the contract here at issue is one implied in fact, Plaintiff is entitled to recover for the reasonable value of its services even if Defendant neither accepted nor actually benefitted from Plaintiff's work.

A contract implied in fact is an agreement inferred from the conduct of the parties. 17 Am. Jur. 2d "Contract" § 3 (1964). Where the parties have described the details of an agreement in writing, the enforceable promises are described as "express." *Id.* A promise implied in fact is one which was not "put into promissory words with sufficient clearness to be called an 'express promise.' " 3 *Corbin on Contracts* § 562 (1960). Where a court finds a contract implied in fact, the liability imposed is purely contractual, arising from the interpretation of the parties' acts and conduct. Liability is imposed even in the absence of a benefit accruing to the party to be held to the contract.

A contract implied in law ("quasi contract") is one created by the law without regard to the parties' expressions of assent by either words or acts. 1 *Corbin on Contracts* § 19 (1960); *see, Variety Children's Hospital v. Vigliotti*, 385 So.2d 1052, 1053 (Fla. 3d DCA 1980). The basis for imposing quasi contractual liability is not contractual at all. Rather, such liability turns on the receiving of a benefit under circumstances that make it unjust to retain it without giving compensation. 66 Am. Jur. 2d "Restitution and Implied Contracts" §§ 2-3 (1973); 1, 3 *Corbin on Contracts* §§ 19, 561 (1960). Thus, quasi contractual recovery may be sustained even where the parties had no direct dealings whatsoever. *See, Variety Children's Hospital v. Vigliotti*, 385 So.2d at 1053.

The distinction between contracts implied in fact and quasi contracts has been muddled by a mass of terminology. Florida courts have variously characterized contracts implied at law as (1) quantum meruit,

12

*e.g. Miller v. Greene*, 104 So.2d 457, 462 (Fla. 1958); *Solutec Corporation v. Young & Lawrence Associates, Inc.*, 243 So.2d 605 (Fla. 4th DCA 1971), (2) quasi contracts, *Nursing Care Services, Inc. v. Dobos*, 380 So.2d 516, 517 (Fla. 4th DCA 1980); *Variety Children's Hospital v. Vigliotti*, 385 So.2d 1052, 1053 (Fla. 3d DCA 1980), and (3) unjust enrichment, *Symon v. J. Rolfe Davis, Inc.*, 245 So. 2d 278, 279 (Fla. 4th DCA 1971); *Coffee Pot Plaza v. Arrow Air Conditioning and Refrigeration, Inc.*, 412 So.2d 883, 884 (Fla. 2d DCA 1982). Assumpsit was the common law writ which afforded a remedy for both contracts and quasi contracts. 1 *Corbin on Contracts* §§ 19, 20 (1963). General assumpsit upon the common counts was that division of assumpsit used to enforce both promises implied in fact and quasi contracts. *Id.* at § 20; *Hazen v. Cobb*, 117 So. 853, 857-58 (Fla. 1928). As one of the common counts, quantum meruit sought judgment for a reasonable amount for work done. 1 *Corbin on Contracts* § 20 (1963). Over time, pleading and practice did not require delineation between contracts implied in fact and quasi contracts. *Id.*

The blurring of the distinction between contract and quasi contract has been reinforced by the overlapping applicability of the two theories to similar factual settings. One of the common forms of a contract implied in fact is that where one party has performed services at the request of another without discussion of compensation. Circumstances justifying the inference of a promise to pay for the service give rise to an enforceable contract implied in fact to pay. 17 Am. Jur. 2d "Contracts" § 4 (1964); 3 *Corbin on Contracts* § 567 (1960). Often the other party has received something of value or has otherwise benefitted from the services supplied. In this situation, recovery under a quasi contractual theory is also appropriate. *E.g.*, 66 Am. Jur. 2d "Restitution and Implied Contracts" 421 (1973); *see, Lamborn v. Slack*, 107 So.2d 277 (Fla. 2d DCA 1958) (in which the court found a contract implied in fact but discussed the issue using quasi contractual principles). This overlapping of theories requires a court, especially in a small claims case, to view the facts as they might apply to both theories of recovery.

> If in a specific case the court can find no expressions of promissory assent, . . . it must consciously determine whether value was in fact received and whether circumstances make its retention "unjust." If in a specific case nothing of value has been received, the court must consciously determine whether the defendant used expressions that he had reason to know would be and were understood by the plaintiff as promissory in character. 3 *Corbin on Contracts* § 561 (1960).

**13**

In Florida, the combination of linguistic confusion and theoretical overlapping has resulted in case law where the distinction between contract and quasi contract has become obscured. One authority actually discusses contracts implied in fact using principles applicable only to quasi contract. *See*, 11 Fla. Jur. 2d "Contracts" § 4 228, 229 (1979). The Court in *Dean v. Blank*, 267 So.2d 670, 671 (Fla. 4th DCA 1972) allows recovery on a contract implied in fact theory while characterizing the legal theory as "an action in assumpsit on a quantum meruit." In *Tobin & Tobin Insurance Agency, Inc. v. Zeskind*, 315 So.2d at 520, the Court appears to incorrectly state that under general assumpsit implied promises are *all* quasi contractual. Even cases basing recovery on contracts implied in fact do not explicitly identify their theoretical basis. *See, Lamoureux v. Lamoureux*, 59 So.2d 9, 12 (Fla. 1951); *Lewis v. Meginniss*, 12 So. 19, 21 (Fla. 1892).

In the case at bar, the circumstances justify the finding of a contract implied in fact whereby Defendant agreed to pay Plaintiff for the services requested. Plaintiff had been paid by Defendant for similar services in the past. The work done related to no other contract work Plaintiff was performing for Defendant. Because recovery does not turn on quasi contractual grounds, Plaintiff need not establish that the Defendant was "enriched" by the work done. The measure of Plaintiff's damages is the reasonable value of the work performed, the market value of the materials furnished, and reimbursement for other money expended in performing. *See, Dean v. Blank*, 267 So.2d at 671; 17 Am. Jur. 2d "Contracts" at § 4. Although Defendant challenged the quality of Plaintiff's work product, the greater weight of the evidence supports Plaintiff's estimates of its value. Accordingly, it is

ORDERED AND ADJUDGED that in consolidated cases M-85-10619-C and M-85-10620-S, Plaintiff, ATLAS SWIMMING POOLS, INC., recovers from Defendant, THE FOUNTAINS OF PALM BEACH, the sum of $3,438.39, with costs in the sum of $79.50, for which let execution issue.

DONE AND ORDERED in West Palm Beach, Florida, this 12th day of February, 1986.