549 So.2d 1044 (1989)
SCHWARTZ, GOLD & COHEN, P.A., Appellant,
v.
Stanley M. STREICHER and Diane M. Streicher, Appellees.
Nos. 88-0141, 88-0408.
District Court of Appeal of Florida, Fourth District.
August 23, 1989.
Rehearing and Certification Denied October 30, 1989.
*1045 Ronald M. Zakarin of Schwartz, Gold & Cohen, Boca Raton, for appellant.
Mitchell T. McRae and Robert Garven of Mitchell T. McRae, P.A., Boca Raton, for appellees.
WARNER, Judge.
By consolidation of two appeals we consider one trial court's order dismissing an attorney's charging lien for lack of jurisdiction,[1] and another trial court's final judgment denying recovery from appellee of the attorney's fees first sought by the charging lien.
The appellee wife had engaged the services of the appellant law firm to represent her in a marriage dissolution action. For almost a year, appellant represented her in the action. Despite apparent satisfaction with appellant's representation, the law firm was discharged when it demanded payment for fees from appellee. Appellant thereafter filed a notice of charging lien in the dissolution action, and on a motion to award fees on the charging lien, the judge ordered that the same would be heard in connection with the final hearing of the proceedings.
At the final hearing the parties presented a joint stipulation resolving all matters including the payment of their present attorneys but excluding payment of appellant's fees. Because the parties had settled the case, the trial judge considered himself divested of any jurisdiction in the matter and therefore refused to quantify the sums due or enforce the lien. A final judgment was entered determining that the trial court was without jurisdiction to enforce the lien. Appellant filed a notice of appeal from this ruling, being Case Number 88-141.
Prior to the order denying enforcement of the charging lien in the dissolution action, appellant law firm filed an independent suit against appellee alleging failure to pay for the services rendered and demanding judgment therefor. Appellee answered with denials and affirmative defenses. At trial the court questioned the nature of the action asserted  whether it sounded in equity (quantum meruit) or contract. Appellant asserted that recovery was premised on a theory of quantum meruit limited to the maximum amount set forth in the contract.
In its final judgment, the trial court determined that since appellant had argued for a quantum meruit recovery its decision was based upon that body of law. Although finding that appellant had been retained by appellee and had devoted time and efforts to her representation, recovery was denied because of a failure to present a lawyer to testify as to the reasonableness of the fee. When appellant's motion for rehearing was denied, an appeal was filed, being Case No. 88-408.
We first hold that the trial court erred in determining that it lacked jurisdiction to enforce the lien in the dissolution action. In attempting to enforce a charging lien prior to the final judgment of dissolution, *1046 the trial court specifically reserved its determination to the final hearing. The subsequent settlement did not divest it of jurisdiction to enforce the lien. Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom, 428 So.2d 1383 (Fla. 1983); Dyer v. Dyer, 438 So.2d 954 (Fla. 4th DCA 1983). And, contrary to the trial court's view, the dissolution proceeding was the appropriate forum to determine the amount owed, thus avoiding a multiplicity of suits as occurred in this case. Baucom; Kozich v. Kozich, 501 So.2d 1386 (Fla. 4th DCA 1987).
We turn then to the independent suit which appellant filed to collect its fees. Appellant argues that the trial court erred in making it elect its remedies between contract and quantum meruit, so that the trial court refused to consider the contract cause of action it might have. We consider that issue without merit because, as appellant pointed out to the trial court, in a suit between the attorney and a client for fees the supreme court held in Rosenberg v. Levin, 409 So.2d 1016, 1021 (Fla. 1982) that:
an attorney employed under a valid contract who is discharged without cause before the contingency has occurred or before the client's matters have concluded can recover only the reasonable value of his services rendered prior to discharge, limited by the maximum contract fee.
The supreme court made this rule applicable both to fixed and contingency contracts. Thus the trial court did not somehow limit appellant's remedies. Under Rosenberg, appellant has but one legal theory upon which to proceed in the instant case.
Finally, appellant claims that the court erred in denying recovery on the ground that its demand for reasonable fees was not proven by independent expert testimony. Since the supreme court's Rosenberg decision limited fees in this case to the "reasonable value" of an attorney's services, the question is one of proof. Appellant cites Dean v. Blank, 267 So.2d 670 (Fla. 4th DCA 1972) for the proposition that no expert testimony is necessary in a quantum meruit action to establish the reasonable value of services where the hourly wage has been agreed to and time sheets are introduced showing the nature and extent of the work performed, and contrary proof has not been submitted. Dean, however, was not an attorney/client dispute. Appellee cites a host of cases which begin with Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA 1964), and hold that expert testimony, as well as the testimony of the attorney performing the services, is necessary to prove the reasonableness of an attorney's fee award. See also Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981); Cooper v. Cooper, 406 So.2d 1223 (Fla. 4th DCA 1981); Clark v. Squire, Sanders & Dempsey, 495 So.2d 264 (Fla. 3d DCA 1986). Appellant responds that all of the cases cited involve awards of attorney's fees against third parties and do not involve suits by attorneys against their own clients for fees.
We have researched the law and can find no case which holds that expert testimony is or is not required in suits by attorneys against their own clients for fees. Undoubtedly, that is because in the cases we found the issue was not mentioned or the facts revealed that expert testimony was produced to support the quantum meruit award. See, e.g., Barton v. McGovern, 504 So.2d 457 (Fla. 1st DCA 1987).
The establishment of a reasonable fee for an attorney's service is not simply the number of hours times the hourly rate. As the supreme court stated in Rosenberg, in determining the reasonable fee the trial court
can consider the totality of the circumstance surrounding the professional relationship between the attorney and client. Factors such as time, the recovery sought, the skill demanded, the results obtained, and the attorney-client contract itself will necessarily be relevant considerations.
Rosenberg, 409 So.2d at 1022. And, as noted in Lyle, "The reasonableness of the attorney's fee is not the subject of judicial notice, neither is it to be left to local custom, conjecture or guesswork." 167 So.2d at 257. It is from these considerations that *1047 the rule requiring expert testimony on attorney's fees resulted. We see no reason why these considerations are not equally applicable in addressing the reasonableness of the fee to be paid by a client as they are in an award of fees to be paid by a third party.
We therefore affirm the trial court's judgment denying recovery to appellant in its action against appellee for its fees. However, we reverse the judgment denying jurisdiction to enforce appellant's charging lien in the dissolution action. Whether appellant is now precluded from recovering under the charging lien due to its litigation of the issues in the independent suit has not been briefed, and we do not determine that issue.
Affirmed as to Case No. 88-408; reversed as to Case No. 88-141 and remanded for further proceedings.
ANSTEAD and GUNTHER, JJ., concur.
NOTES
[1] The appellee husband has not filed a brief in this appeal, because appellant took the position that it could not enforce its charging lien against the husband.