## BONFIGLIO v SLAWSON, et al.
### Case No. AP89-8409-AY
Fifteenth Judicial Circuit, Palm Beach County
December 17, 1990

### APPEARANCES OF COUNSEL

**James A. Bonfiglio** of James A. Bonfiglio, P.A., for appellant.

**Terrence F. Dytrych** of Slawson, Burman & Critton, P.A., for appellees.

Before RODGERS, HURLEY, RAPP, JJ.

### OPINION OF THE COURT

PER CURIAM

At issue is whether an attorney, suing for breach of contract to pay attorney's fees, must present independent expert testimony to establish

the reasonableness of the fees. We answer in the affirmative and, consequently, reverse.

Appellant Bonfiglio retained the firm of Slawson, Burman & Critton to provide legal services. The contract established an hourly rate of $100, (later amended to $125). No total sum or maximum number of hours was specified. The firm proceeded to render services and, at the conclusion of its work, issued a statement. When Bonfiglio failed to pay, the law firm instituted suit. The paragraph in the complaint listing the terms of the agreement engendered the following response in the defendant's answer. "Defendant admits retaining Robert Critton and denies each and every other material allegation alleged therein and demands strict proof thereon."

The memorandum opinion and final judgment of the trial court reflects that the plaintiff failed to produce testimony from an independent expert on the necessity and reasonableness of the work performed. It is also clear that the defendant objected to this omission but was overruled. The trial court, relying on *Clark v Squire, Sanders & Dempsey,* 495 So.2d 264 (Fla. 3d DCA 1986), concluded that the plaintiff attorney's testimony was sufficient to establish reasonableness. We respectfully disagree.

Unlike some fee agreements, the contract in the case at bar does not specify the total amount to be paid. Thus to prevail, the plaintiff had to establish the parties' agreement to an hourly rate and, further, prove that the time expended by the firm was reasonable and necessary to achieve the parties' objectives. The question we must determine is whether the plaintiff-attorney's testimony, standing alone, was sufficient to fulfill this requirement.

The Fourth District Court of Appeal addressed this issue in *Schwartz, Gold & Cohen v Streicher,* 549 So.2d 1044 (Fla. 4th DCA 1989). That litigation involved an attorney-client fee dispute which was tried on the legal theory of *quantum meruit.* The trial court in *Schwartz,* despite finding that the attorney had been retained and had performed work, denied recovery because the attorney failed "to present a lawyer to testify as to the reasonableness of the fee." *Id.* at 1045. The District Court of Appeal affirmed, holding that independent expert testimony, as well as the testimony of the attorney performing the services, is necessary to prove the reasonableness of an attorney's fee award.

Although the case at bar is predicated on the legal theory of breach of an express contract, as opposed to *quantum meruit,* we believe that

42

*Schwartz* is applicable and controlling. The only question remaining is whether the judgment should be reversed with instructions to enter a judgment in favor of the appellant/defendant or whether the case should be remanded for a new trial. In this respect, we note that the trial in this cause occurred on June 12, 1989, a good two months before the issuance of the opinion in *Schwartz.* Moreover, the court in *Schwartz* noted the novelty of its decision when it observed, "We have researched the law and can find no case which holds that expert testimony is or is not required in suits by attorneys against their own clients for fees." *Id.* at 1046. Thus, we conclude that the interests of justice would be served best by reversing the judgment on appeal and remanding the cause for a new trial.

REVERSED and REMANDED FOR NEW TRIAL RODGERS, HURLEY and RAPP, JJ., concur.