HORTON, Chief Judge.
Defendant appeals from an adverse final judgment rendered subsequent to a jury verdict.
The third amended complaint sought recovery of compensation for architectural services allegedly rendered by plaintiff to defendant between March, 1956, and August, 1957. The services were alleged to have been performed by the plaintiff at the defendant’s request, and demand for payment made. It was alleged that the reasonable value of these services was $15,-300. A motion to dismiss the amended complaint was urged on the grounds of failure to state a cause of action. The motion was denied and the defendant answered the complaint. The answer admitted the general allegations but contended that the services were rendered on the contingency that certain construction be completed and financing secured, and that since the construction had not been completed and the financing not secured, the defendant was not indebted.
At the trial of the cause, the evidence showed that plaintiff had been paid for his services up to January, 1957, but was claiming compensation for services ren *49 dered from January through April or May, 1957. The plaintiff testified to the services rendered — that is, the preparation of various plans requested by the defendant, the furnishing of these plans to the defendant and his failure to pay. Expert witnesses testified as to the reasonable value of the services rendered which was between fifteen and sixteen thousand dollars. Among other things, the court instructed the jury that if they found that there was an express agreement as to the performance of the services and payment of compensation, it was their duty to find for the defendant; but on the other hand, if they were satisfied that the plaintiff performed the services without any expressed agreement, then the law implied a promise on the part of the defendant to pay a fair and reasonable amount for such services. The jury returned a verdict of $12,067.57.
On appeal, the defendant argues two questions. They are (1) the trial court’s alleged error in denying the defendant’s motion to dismiss the amended complaint ; and (2) the error of the trial judge in failing to direct a verdict when the plaintiff sought recovery on an implied contract for services and proved the rendition of said services under an express contract. An additional question mentioned but not argued is the court’s refusal to give a charge to. the jury requested by the defendant. The record fails to contain evidence of any requested charges by the defendant; consequently, this will not be considered by the court.
Under the first contention, the appellant relies exclusively on the case of Moore v. Boyd, Fla.1952, 62 So.2d 427, and requests this court to apply the principles announced in that case. We have carefully studied the Moore case and are of the view that it is inapplicable under the circumstances demonstrated by this record. The plaintiff declared on an implied contract for services rendered by him to defendant, named the area of time within which the services were performed and claimed reasonable compensation therefor. We think the complaint adequately stated a cause of action for services rendered and sufficiently informed the defendant of the nature of the claim against him. Rule 1.8(b), Florida Rules of Civil Procedure, 30 F.S.A. We think the trial judge was correct in denying the motion to dismiss.
Appellant also urges that the plaintiff should not recover because his complaint was in general assumpsit upon the common counts, whereas the plaintiff’s testimony clearly demonstrates that he was working under a special contract. We fail to find merit in this contention. Under the court’s charges to the jury, they were properly instructed that if they found the existence of the express agreement pled, then their verdict would be for the defendant, while if they found to the contrary, their verdict should be for the plaintiff. The jury found against the defendant and nowhere does he argue that the verdict is against the manifest weight or probative effect of the evidence or that the evidence was otherwise legally insufficient. Obviously from the jury’s verdict they must have found that no express agreement existed between the parties, and that the plaintiff had fully performed the services alleged. Since the plaintiff had declared on an implied contract, it was up to the defendant to allege and to prove, to the satisfaction of the jury, the existence of the express contract in order to defeat the plaintiff’s complaint.
Flaving failed to point out wherein any ruling of the trial judge was erroneous, or that the verdict of the jury, rendered upon the evidence submitted, was against the weight of the evidence, it follows that the judgment appealed should be and it is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ-, concur.