385 So.2d 1052 (1980)
VARIETY CHILDREN'S HOSPITAL, INC., Appellant,
v.
Jean VIGLIOTTI, Appellee.
No. 79-959.
District Court of Appeal of Florida, Third District.
June 10, 1980.
Rehearing Denied July 31, 1980.
Atkinson, Golden, Bacen & Diner and Constance J. Kaplan, Hollywood, for appellant.
Mason & Meyerson and John C. Maine, Jr., Miami, for appellee.
Before BARKDULL and BASKIN, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
BASKIN, Judge.
Variety Children's Hospital appeals from a final order dismissing its complaint against Jean Vigliotti for payment for medical services rendered to her minor child. The trial court found that a written agreement to pay, signed by the father at the time of the child's admission, superseded any implied contract against the mother and foreclosed any possibility of liability on her part. We disagree and reverse.
The amended complaint alleged that the minor child was admitted to the hospital for necessary medical services.[1] At the time of *1053 the admission, the father agreed in writing to pay all charges not covered by insurance. The mother knew of the admission but did not object to the child receiving medical services.[2] Eventually, the hospital filed suit seeking payment under the express contract between the father and the hospital. In a separate count of the amended complaint, the hospital sought to recover from the mother, pursuant to an implied contract, because she "never objected to the rendition of the services and benefited from these services as administered to her minor child... ." A default was entered against the father, and the mother filed a motion to dismiss the complaint as to her.
The trial court held that the hospital looked to the father for payment of the $8,799.25 when it obtained an agreement in writing and that there was no basis to hold the mother liable. According to the statement of facts stipulated to for appellate purposes, the trial court found that the written contract superseded any implied contract. The court, noting recent changes in the law concerning the duty to support a child, stated that if neither parent had signed, it would have found both parents liable. If both parents had signed, it would have found both liable, but where only one parent had executed a written contract, that contract represented the agreement to the exclusion of any implied contract.
We must determine whether the express contract executed by the father bars the hospital from pursuing a suit against the mother for services rendered to the child either on an implied in fact contract or on a contract implied in law. Although we find that the facts peculiar to this case do not support an implied in fact contract, accord, Nursing Care Services, Inc. v. Dobos, 380 So.2d 516 (Fla. 4th DCA 1980), we hold that the hospital may pursue a claim against the mother on the basis of an implied in law contract stemming from her statutory duty to support her child.
Quasi-contracts are obligations imposed by law on grounds of justice and equity. They are imposed for the purpose of preventing unjust enrichment. Unlike express contracts or contracts implied in fact, quasi-contracts do not rest upon the assent of the contracting parties. Quasi-contracts are based primarily upon a benefit flowing to the person sought to be charged. The person unjustly enriched is required to compensate the person furnishing the benefit. Tipper v. Great Lakes Chemical Company, 281 So.2d 10 (Fla. 1973). Thus, the preliminary question in determining whether the law should imply a contract in this case turns upon whether the mother has been unjustly enriched, and that determination turns upon whether the mother has an obligation or legal duty that has been satisfied by the efforts of another.
Traditionally, the father had the primary duty to support his wife and children. Walborsky v. Walborsky, 197 So.2d 853 (Fla. 1st DCA 1967). The mother could be called upon to provide for the family only when the father could not fulfill this obligation. See State v. S.M.G., 313 So.2d 761 (Fla. 1975); Copeland v. Copeland, 65 So.2d 853 (Fla. 1953); and Bullard v. Bullard, 195 So.2d 876 (Fla. 2d DCA 1967). Recently, however, "the unity concept of marriage has in a large part given way to the partner concept whereby a woman stands as an equal to her husband in the eyes of the law." Gates v. Foley, 247 So.2d 40, 44 (Fla. 1971). This trend was embodied in a sweeping reformation of the law which now places the mother and father on an equal footing in relation to their obligations to support their minor children. Birge v. Simpson, 280 So.2d 482 (Fla. 1st DCA 1973); § 61.001, et seq., Fla. Stat. (1971). As stated in Kern v. Kern, 360 So.2d 482, 484 (Fla.4th DCA 1978):
The duty to provide support for a minor child is based upon the child's incapacity, both natural and legal, and its consequent need of protection and care. At common *1054 law, this duty of child support was visited almost exclusively upon the father and was limited to that period when the child remained unemancipated. Today, the obligation of child support is recognized by statute to be upon both the mother and father jointly as the natural guardians of their natural and adopted children.
See § 744.301, Fla. Stat. (1977).
Support as contemplated by the foregoing statutory authority and case law is defined as the provision of necessary food, clothing, shelter or medical treatment. See State v. Winters, 346 So.2d 991 (Fla. 1977) receded from, on other grounds, in State v. Joyce, 361 So.2d 406 (Fla. 1978); §§ 827.04-.05, Fla. Stat. (1977). Thus, either or both of the parents of a minor child have a duty to provide reasonable and necessary medical attention for that child.
In the case under consideration, the mother received a "legal" benefit when the hospital rendered its services to her child. Her duty to provide or procure necessary medical services for her daughter was fulfilled.[3] She would be unjustly enriched if allowed to enjoy that benefit without compensating the hospital.
We turn next to the question of whether the written contract between the hospital and the father superseded this implied contract between the hospital and the mother. We hold that it does not. We reach this conclusion because we observe that the long standing rule that an express contract supersedes an implied contract was derived from cases in which the same parties agreed to more than one conflicting contract. Hazen v. Cobb, 96 Fla. 151, 117 So. 853 (Fla. 1928); Solutec Corp. v. Young & Lawrence Associated, Inc., 243 So.2d 605 (Fla. 4th DCA 1971); and Bloom v. Frese, 123 So.2d 47 (Fla. 3d DCA 1960). Those cases are distinguishable from the case before this court, which involves different parties to different contracts. Here, where both parents are responsible for supporting the child, the hospital may recover from either the father, by virtue of his express contract, or from the mother, pursuant to an implied in law contract.[4] To rule that the father's contract superseded the mother's obligation would be be to return to the "unity concept" that has given way to the partnership theory of a marriage. Gates v. Foley, supra.
Even if the mother reasonably believed the father was obligated to pay under his express contract with the hospital, she is not relieved of her obligation of support by that assumption. Nursing Care Services, Inc. v. Dobos, supra. Although we hold that the written contract with the father does not preclude the hospital from seeking recovery from the mother on the implied contract, we take no position as to the existence of any rights between the parents.[5]
For the foregoing reasons, we find that the hospital is not foreclosed from seeking recovery against the mother under an implied in law contract predicated upon her duty to support her child. The decision of the trial court is reversed and the cause remanded for proceedings in accordance with this opinion.
NOTES
[1] The child received treatment for severe withdrawal, treatment which the mother has conceded to be a reasonable and necessary medical service.
[2] The record does not indicate whether the mother was present at the time of the child's admission.
[3] The distinction made in Weinstein v. Weinstein, 148 So.2d 737 (Fla. 3d DCA 1963), questioned on other grounds in Warren v. Warren, 306 So.2d 197 (Fla. 1st DCA 1974), and argued by Mrs. Vigliotti is not applicable in this case. That argument, that an intervening third party will not be compensated on a quasi-contract theory unless the parent "failed or refused" to fulfill her obligation, is similar to the "emergency care" doctrine and designed to encourage and protect one giving assistance. See Nursing Care Services, Inc. v. Dobos, supra.
[4] It is obvious that the written contract executed by the father did not expressly exclude recovery from the mother.
[5] See Crookham v. Smith, 68 Cal. App.3d 773, 137 Cal. Rptr. 428 (1977), and Plant v. Plant, 20 Ill. App.3d 5, 312 N.E.2d 847 (1974).