## SNYDER OCEANOGRAPHY SERVICES, INC. v WESTPORT CONDOMINIUM ASSOCIATION, INC.

### Case No. M-85-7856-S

County Court, Palm Beach County

October 24, 1985

### APPEARANCES OF COUNSEL

**Phillip T. Crenshaw, Schneider, Maxwell, Spillias and Hill,** for plaintiff.

**Richard O. Breithart** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This cause came before the Court for non-jury trial on October 3, 1985. The Court heard the sworn testimony of witnesses and has reviewed documents placed into evidence.

### Findings of Fact

In late December, 1984, Defendant Condominium Association experienced Eikoff, Defendant contacted a number of marine contractors. Because he did not feel confident proceeding without engineering

drawings, one of the contractors (Murry Logan) suggested that Defendant contact Plaintiff's President, Robert Snyder, an experienced marine and oceanographic engineer.

Eikoff telephoned Snyder. Eikoff described the problems with the seawall and the need for some engineering input. Eikoff indicated that he wanted Plaintiff to prepare a "working drawing" that he could use to obtain bids from contractors concerning the seawall problem. The two men discussed Plaintiff's hourly fee of $100.00 per hour. Plaintiff did not estimate the amount of the charge.

After the telephone conversation, Plaintiff visited the site, conferenced with Murry Logan, visited the building department and prepared a drawing. On January 2, 1985, Plaintiff sent Defendant a "perspective sketch of a possible solution" to the seawall problem. As Plaintiff characterized it, the drawing was only a "conceptual drawing", not a drawing detailed enough to submit to contractors to obtain a bid. With this drawing, Plaintiff sent Defendant a bill for $700.00.

Defendant was unhappy with the drawing it received. By a letter of January 17, 1985, Defendant advised Snyder that he had not supplied a "working drawing", which Defendant defined as a "scaled drawing with specifications". The drawing was not sufficient for presentation to contractors for bids. In its January 17 letter, Defendant returned Plaintiff's drawing and expressed its intention to disregard Plaintiff's bill.

Feeling that Defendant had misunderstood the approach of his original drawing, Plaintiff prepared more detailed drawings and sent them to Defendant on January 25. Defendant never used any of Plaintiff's work product in finding a solution to the seawall problem.

Plaintiff seeks $700.00 for the original drawing and an additional $345.00 for the drawings submitted on January 25. Plaintiff presented expert testimony that such charges were reasonable fees for the preparation of the product supplied.

### Count III—Oral Contract

Count III of Plaintiff's Complaint seeks recovery on the theory of breach of contract. Plaintiff contends that the subject of the oral agreement was the provision of engineering services. Defendant asserts that the contract involved not the rendition of professional services, but the production of a specific product, "working drawings," which Plaintiff failed to provide.

To analyze these arguments, the Court must determine the terms of the oral contract. An oral contract is unenforceable where it is "so

123

vague and so uncertain in the specifications of the subject matter that the court cannot identify that subject matter or determine its quality. . . ." *Truly Nolen, Inc. v. Atlas Moving & Storage Warehouses, Inc.* , 125 So.2d 903, 905 (Fla. 3rd DCA 1961). Where the parties to a contract assign materially different meanings to the subject matter of performance, and neither knew or should have known the meaning of the other, then no enforceable contract has been formed. Corbin on Contracts, Sections 100, 104 (1963).

In this case, the parties simply failed to define the subject matter of their agreement. The parties had never contracted before. There was no testimony that a "working drawing" is a term of art capable of precise definition. The medium of the contract—a telephone conversation—was informal at best. After the telephone call, Plaintiff acted under the impression that it was to provide only "engineering input," rather than a specific work product. From Plaintiff's standpoint, the first drawing was a conceptual step towards the ultimate solution of the problem. In the sense that it could be used as a basis for further refinement, the first sketch was a "working drawing." However, the January 3 drawing fell far short of the type of scale drawing which Defendant believed it had ordered and which it needed to obtain bids from contractors. It is clear that the parties maintained materially different interpretations of the subject matter of their agreement. Finally, because of its professional expertise, Plaintiff was in a better position to define the subject matter of its employment. Since Plaintiff relies on the contract for recovery, it follows that it should bear the burden of failing to define the undertaking at its outset. *See, Barnes v. Lozoff,* 123 N.W.2d 543, 547-548 (Wis. 1963). Plaintiff's failure to prove the existence of an enforceable contract precludes recovery under Count III. Plaintiff is then left with the heavier burden of establishing entitlement to recovery under an implied contract theory. *See, Hermanowski v. Naranja Lakes Condominium No. 5, Inc.,* 421 So.2d 558, 560 (Fla. 3rd DCA 1982), *pet. for rev. den.,* 430 So.2d 451 (Fla. 1983).

### Quantum Meruit

Count II of the Complaint seeks recovery under a quantum meruit theory. Defendant opposes recovery on the grounds that it neither accepted Plaintiff's work nor derived any benefit from it. Plaintiff contends that "whether the condominium accepts the recommendations and advice of their engineer is not relevant."

Where legal deficiencies prevent an oral contract from becoming binding on the parties, and a defendant accepted or benefitted from a plaintiff's part performance, the plaintiff may recover in quantum meruit for the value of his services rendered. *Bucki v. McKinnon,* 20

124

So 540, 541 (Fla. 1896); *Hazen v. Cobb,* 117 So. 853, 858 (Fla. 1928); *Turner v. Trade-Mor, Inc.,* 252 So.2d 383, 384 (Fla. 4th DCA 1971); 11 Fla.Jur.2d "Contracts" Section 229 (1979).*

Florida case law is uniform in the requirement that a defendant's acceptance of the result of a plaintiff's labor or his realization of its legal or actual benefits are prerequisites to recovery under quantum meruit. *Dixie Builders v. Partin,* 54 So.2d 811 (Fla. 1951) (paving work done and accepted); *Miller v. Greene,* 104 So.2d 457, 462 (Fla. 1958); *Tobin & Tobin Insurance Agency, Inc. v. Zeskind,* 315 So.2d 518, 520-21 (Fla. 3rd DCA 1975); *Fred McGilvray, Inc. v. Delphian Group, Inc.,* 424 So.2d 891, 892 (Fla. 3rd DCA 1982); *Variety Children's Hospital v. Vigliotti,* 385 So.2d 1052, 1054 (Fla. 3rd DCA 1980) (hospital's services satisfied mother's legal duty to care for child).

In the instant case, the question is how a benefit to Defendant is to be gauged. If the test is "benefit in fact," there has been no showing that Defendant used or in any way relied on Plaintiff's drawings to solve the seawall problem. If the test is an objective one, it is clear that Plaintiff's work product could have been of some value in approaching the seawall problem had Defendant desired to use it. The modern approach to contract law focuses on the reasonable expectations of the contracting parties. *E.g.,* Corbin on Contracts Sections 19, 19A, 996B (Kaufman supp., 1984). In quasi-contract cases, one commentator following this "reasonable expectation" theory suggests that the more fundamental element of recovery is unjust detriment to the performing party. *Id.* at Section 19A. However, Florida case law is firm in requiring "benefit in fact" as a prerequisite to recovery under quantum meruit. Even under a "reasonable expectation" theory, the showing of benefit to the receiver/defendant is an important factor in determining whether the detriment to a plaintiff is unjust. *Id.* For these reasons, an objective benefit analysis of Plaintiff's work product is not appropriate in this case.

Because it failed to demonstrate that Defendant either accepted the work product or realized a benefit from it, Plaintiff may not recover on a quantum meruit theory. Accordingly, it is

---

* This situation differs from the typical contract implied in fact, where a person retains a professional's services and the law implies a promise to pay what the services are reasonably worth. *See,* 11 Fla.Jur.2d *Contracts* Section 228 (1979); *Calarmari and Perillo, Contracts* (2nd ed. 1977) Sections 1-12; *see, Robertson v. Goethel,* 369 So.2d 365 (Fla. 3rd DCA 1979). Here an attempt to create an express contract for a specific result simply failed. Thus, the facts of this case do not give rise to an implied promise to pay for *any* professional service. Plaintiff must justify recovery under the rule enunciated in *Hazen v. Cobb,* 117 So. at 858.

ORDERED AND ADJUDGED that Plaintiff SNYDER OCEAN-OGRAPHY SERVICES, INC., take nothing by this action and that Defendant, WESTPORT CONDOMINIUM ASSOCIATION, INC., go hence without day. The Court reserves jurisdiction to assess taxable costs, if any.