743 So.2d 1223 (1999)
CDS AND ASSOCIATES OF the PALM BEACHES, INC., a Florida corporation, Appellant,
v.
1711 DONNA ROAD ASSOCIATES, INC., a Florida corporation, Appellee.
No. 99-0447.
District Court of Appeal of Florida, Fourth District.
November 17, 1999.
Kent Huffman, Palm Beach, for appellant.
*1224 Kerry R. Schwencke, West Palm Beach, for appellee.
WARNER, C.J.
In this appeal from a final judgment in a construction dispute between the parties, the trial court found that there was no contract between the parties, appellant's recovery was in quantum meruit, and no mechanics' lien could be enforced. Appellant contends that the trial court erred in refusing to enforce the construction lien. We hold that a construction lien cannot be based on a contract implied in law and as a result, affirm.
Section 713.05, Florida Statutes (1997) states:
a contractor who complies with the provisions of this part shall, subject to the limitations thereof, have a lien on the real property improved for any money that is owed to him or her for labor, services, materials, or other items required by, or furnished in accordance with, the direct contract ....
(emphasis added). Section 713.01(5) defines a contract as "an agreement for improving real property, written or unwritten, express or implied, and includes extras or change orders." A contract under the mechanics' lien law requires an agreement. See id.; see also 35 Fla. Jur.2d Mechanics Liens § 22, 459-60 (1982) ("[t]he general rule is that if the owner is to have a lien fastened on his property, he should have been a party to the contract for the improvement, or knowledge of each transaction in which it is attempted to bind him should have been brought to his attention at the appropriate time"); Lee v. Sas, 53 So.2d 114, 116 (Fla.1951) (no contract under mechanics' lien law existed where there was an inability to determine what was contemplated by the parties and, accordingly, a lack of knowledge by the parties of each transaction to which they would be bound). No agreement, either express or implied, was found to exist in this case.
CDS appears to confuse a "contract implied in fact" (upon which a lien may be predicated) with a "contract implied in law" (which is not a contract at all, but rather a legal fiction). A contract implied in fact is an enforceable contract "that is inferred in whole or in part from the parties' conduct, not solely from their words." Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co., 695 So.2d 383, 385 (Fla. 4th DCA 1997) (emphasis added) (citations omitted). A contract implied in law is "an obligation created by the law without regard to the parties' expression of assent by their words or conduct." Id. at 386 (citation omitted). In short, a contract implied in law does not require an agreement, however, a contract implied in fact does. A quasi contract is a contract implied in law since it does not require an agreement. See id. at 386. This court stated in Commerce Partnership that:
[t]he elements of a cause of action for a quasi contract are that: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.... Because the basis for recovery does not turn on the finding of an enforceable agreement, there may be recovery under a contract implied in law even where the parties had no dealings at all with each other.

id. at 386 (emphasis added) (citation omitted); see also Viking Communities Corp. v. Peeler Constr. Co., 367 So.2d 737, 739 (Fla. 4th DCA 1979)("[s]ince a contract is essential to any mechanic's lien, we look first to the enforceability of the basic contractual obligation"). Because the mechanics' lien statute requires an agreement, and a quasi contract does not so require, it cannot be said that a quasi contract is included in the term "implied *1225 contract" within the mechanics' lien statute. Cf. Aetna Cas. and Sur. Co. v. Buck, 594 So.2d 280, 281 (Fla.1992), rev. denied, 639 So.2d 976 (Fla.1994)("[a]s a statutory creature, the mechanics' lien law must be strictly construed"). The trial court found as a factual matter that no contract was created in this case by the parties' words or conduct, and that CDS was limited to quasi contractual remedies (or quantum meruit). Thus, appellant cannot enforce its quantum meruit recovery through imposition of a mechanics' lien.
Appellant raises two additional claims, the first of which is moot in light of our holding that appellant cannot claim a mechanics' lien on its quantum meruit recovery. On the last issue, appellant claims that the court erred in finding appellee to be the prevailing party on the significant issues and awarding to it attorney's fees. We affirm based on Prosperi v. Code, Inc., 626 So.2d 1360, 1363 (Fla.1993); Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla. 1992).
Affirmed.
DELL and TAYLOR, JJ., concur.