831 So.2d 704 (2002)
DOUG HAMBEL'S PLUMBING, INC., Appellant,
v.
Miles V. CONWAY, Vero Ventures, Inc., a Florida corporation, d/b/a Skyline Scaffold CO., and Crom Equipment Rentals, Inc., a Florida corporation, Appellees.
No. 4D01-3843.
District Court of Appeal of Florida, Fourth District.
October 30, 2002.
Rehearing Denied December 12, 2002.
Allan P. Whitehead of Frese, Nash & Hansen, P.A., Melbourne, for appellant.
Howard W. Poznanski, Boca Raton, for appellee Miles V. Conway.
*705 KLEIN, J.
Appellant subcontractor performed work on appellee Conway's home which was under construction and, having not been paid, sued for damages and to foreclose a mechanic's lien. The court concluded that there was a contract implied in law for which the subcontractor could recover damages but not a lien. We conclude that the subcontractor established a contract implied in fact which does entitle it to a lien and reverse.
The subcontractor installed rough plumbing after being authorized by the owner to proceed, without a written contract, but then had to stop working because the fixtures had not been selected. The parties could not agree on terms for the rest of the work, and the subcontractor filed this suit because the owner did not pay for the work performed.
The trial court, although entering a judgment for damages, denied a mechanic's lien because the court concluded that the subcontractor had not pled a count for contract implied in fact. The court did, however, state that it believed a contract implied in fact had existed.
One count of the complaint, entitled "Quantum Meruit," alleged facts to support a contract implied in fact. Commerce P'ship 8098 Ltd. P'Ship v. Equity Contracting Co., 695 So.2d 383, 387 (Fla. 4th DCA 1997)("A common form of contract implied in fact is where one party has performed services at the request of another without discussion of compensation.").
We assume that the trial court held that this count did not allege contract implied in fact because the count was labeled quantum meruit. Quantum meruit means "as much as he has deserved." Black's Law Dictionary (7th Ed.). The term has been used in Florida for contracts both implied in fact and implied in law. Commerce, 695 So.2d at 387.
Section 713.01(5), Fla. Stat. (1997) of our mechanic's lien law defines a contract as including agreements which are "written or unwritten, express or implied," and accordingly an implied contract can be the basis for a lien. A contract implied in law, however, is not really a contract. As Judge Gross explained in Commerce:
A contract implied in law, or quasi contract, is not based upon the finding, by a process of implication from the facts, of an agreement between the parties. A contract implied in law is a legal fiction, an obligation created by the law without regard to the parties' expression of assent by their words or conduct. 1 Corbin on Contracts § 1.20; Tipper, 281 So.2d at 13. The fiction was adopted to provide a remedy where one party was unjustly enriched, where that party received a benefit under circumstances that made it unjust to retain it without giving compensation. Tipper, 281 So.2d at 13; Variety Children's Hosp. v. Vigliotti, 385 So.2d 1052, 1053 (Fla. 3d DCA 1980).
Id. at 386.
Because a contract implied in law is not a contract, but our mechanic's lien law requires one, a lien is not available where there is only a contract implied in law. CDS & Assocs. of the Palm Beaches, Inc. v. 1711 Donna Rd. Assocs., 743 So.2d 1223 (Fla. 4th DCA 1999). On the other hand, a contract implied in fact is an enforceable contract, CDS at 1224, and accordingly satisfies the contract requirement of our lien law.
Because the count labeled "Quantum Meruit" in this complaint did allege the facts of a contract implied in fact, and the facts as found by the trial court support *706 such a contract, the court should have granted the subcontractor a lien. We have considered the owner's cross-appeal and find it to be without merit. Reversed.
SHAHOOD, J., and DELL, JOHN W., Senior Judge, concur.