877 So.2d 964 (2004)
McFARLAND & SON, INC., and Jonathan Queen, Appellants,
v.
Royal Mende BASEL and Steven Kane, etc., Appellees.
No. 5D03-274.
District Court of Appeal of Florida, Fifth District.
July 30, 2004.
*965 Michael V. Elsberry and W. Drew Sorrell of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellants.
Edna L. Caruso and Diran V. Seropian of Caruso & Burlington, P.A., West Palm Beach, for Appellees.
THOMPSON, J.
McFarland & Sons, Inc., and Jonathan Queen (collectively, "McFarland"), appeal an order taxing costs. We affirm.
Royal Basel and Steven Kane, as co-plenary guardians for Mark Basel (collectively "Basel"), filed suit against Jonathan Queen and McFarland & Sons for damages arising out of a traffic accident. In February 2001, a final judgment in favor of Basel was entered. Basel appealed, arguing that the trial court applied the wrong version of section 768.81, Florida Statutes, which addresses joint and several liability. Basel v. McFarland & Sons, Inc., 815 So.2d 687, 690 (Fla. 5th DCA 2002). We agreed and reversed for entry of a corrected judgment. Id. After our mandate was issued, Basel filed a motion to tax costs in the trial court. Thereafter, in September 2002, the trial court entered a corrected final judgment. Basel filed a renewed motion for taxation of costs, and over McFarland's objection that the request for costs was untimely, the trial court awarded costs to Basel. We conclude that the motion was not untimely.
On appeal, McFarland argues that Basel's motion was untimely because it was not served within 30 days after the original judgment was filed, and Basel argues that the motion was timely because it was served within 30 days after the corrected judgment was filed. Rule 1.525, Florida Rules of Civil Procedure, provides *966 that a motion to tax costs "shall" be served within 30 days after the judgment is filed.[1] The rule was designed to establish a "bright-line" to resolve any uncertainty concerning the timing of post-trial motions, and to bring them to a timely conclusion. See Wentworth v. Johnson, 845 So.2d 296 (Fla. 5th DCA 2003).
As the trial court pointed out, the rule does not directly address a situation where a judgment in favor of a party is reversed for entry of a judgment in favor of the same party. We think that, since a favorable judgment is what entitles a party to costs, "the judgment" referred to in the rule, must be the judgment under which the party claims the right to costs. In this case, the judgment under which Basel claims costs is the corrected judgment. Since Basel served his motion within 30 days of that judgment, his motion was not untimely.[2]
AFFIRMED.
PLEUS and PALMER, JJ., concur.
NOTES
[1] Rule 1.525, Florida Rules of Civil Procedure, provides:

Any party seeking a judgment taxing costs, attorney's fees, or both shall serve a motion within 30 days after filing of the judgment including a judgment of dismissal, or the service of a notice of voluntary dismissal.
[2] We note that if Basel had lost the previous appeal, the original judgment would have remained in effect, and he would not have been able to collect costs because he did not move for fees within 30 days of the original judgment.