883 So.2d 375 (2004)
DOUG HAMBEL'S PLUMBING, INC., Appellant,
v.
Miles V. CONWAY, Vero Ventures, etc., et al, Appellees.
No. 4D04-130.
District Court of Appeal of Florida, Fourth District.
September 29, 2004.
*376 Allan P. Whitehead of Frese, Nash & Hansen, P.A., Melbourne, for appellant.
Howard W. Poznanski, Boca, for appellee, Miles V. Conway.
MAY, J.
The plaintiff appeals from an order denying its motion for attorney's fees in a mechanic's lien action. The issue is whether the motion was timely when filed within thirty days of the judgment entered upon a reversal and remand from this court. We hold that it was, and therefore reverse the order denying attorney's fees.
On August 24, 2001, the trial court entered a judgment for the plaintiff, Doug Hambel's Plumbing, Inc., which awarded damages, but denied its request for a mechanic's lien. The plaintiff appealed the denial of the mechanic's lien. This court reversed and remanded the case to the trial court. See Doug Hambel's Plumbing, Inc. v. Conway, 831 So.2d 704 (Fla. 4th DCA 2002).
The plaintiff then moved for entry of a final judgment consistent with this court's decision. On June 13, 2003, the trial court entered a final judgment imposing a mechanic's lien and retained jurisdiction for consideration of costs and attorney's fees. On July 11, 2003, the plaintiff filed a motion for attorney's fees, pursuant to section 713.29, Florida Statutes (2003). On November 10, 2003, the trial court entered an order finding the plaintiff to be the prevailing party and entitled to attorney's fees, but denied the motion because it was not filed within thirty days of the original August 24, 2001 final judgment.
Florida Rule of Civil Procedure 1.525 provides: "[a]ny party seeking a judgment taxing costs, attorneys' fees, or both shall serve a motion within 30 days after filing of the judgment, including a judgment of dismissal, or the service of a notice of voluntary dismissal." The question is which judgment in this case triggered the 30-day requirement for filing the motion for attorneys' fees.
The basis upon which the plaintiff sought fees was section 713.29, Florida Statutes (2003), which provides for attorney's fees in actions seeking to impose a mechanic's lien. When the August 24, 2001 judgment was entered, the plaintiff's request for a mechanic's lien had been denied. Therefore, the court could not award fees under section 713.29 at that time.
It was not until this court reversed the denial of the lien in Doug Hambel's Plumbing and the trial court entered a judgment on the lien that the entitlement to fees under this statute ripened. The plaintiff filed its motion within thirty days of the judgment in which the lien was imposed. Thus, its motion was timely.
We hold the trial court erred when it used the date of the original judgment to determine the timeliness of the motion. We reverse the order and remand the case for further proceedings consistent with this opinion.
POLEN, J., and GOLD, MARC H., Associate Judge, concur.