CANADY, Judge.
Alpaugh Plumbing and Supply of Tampa, Inc., appeals an amended final judgment entered against the appellees, The Fee-Waiters Corporation, James N. Clark, and Edwina Clark, and the trial court’s denial of Alpaugh’s motion for attorneys’ fees and costs. Alpaugh raises three claims on appeal, only one of which has merit. We affirm the amended final judgment but reverse the order on attorneys’ fees and costs and remand for further proceedings.
On March 11, 2002, Alpaugh filed a complaint against the appellees. In the complaint, Alpaugh alleged that it had performed work pursuant to a contract with The Fee-Waiters Corporation on a residence being constructed on the Clarks’ real property. • In count one, Alpaugh sought to enforce a construction lien on the Clarks’ real property, and in count two, Alpaugh alleged a claim for damages. Following a nonjury trial, the trial court entered a judgment in favor of Alpaugh on October 20, 2004. The trial court awarded Alpaugh $9070.41 in damages and found “that Alpaugh’s lien is not fraudulent ... and ... that the property did not suffer any diminution in value.” However, the trial court did not dispose of Alpaugh’s claim for enforcement of the construction lien.
On March 15, 2005, Alpaugh filed a motion for attorneys’ fees and costs and a motion for entry of final judgment of foreclosure. On June 15, 2005, the trial-court denied the motion for attorneys’ fees and costs on the basis that it was not filed within 30 days of the October 20, 2004, judgment as required by Florida Rule of Civil Procedure 1.525.
The appellees filed a motion to amend final judgment on October 17, 2005, requesting the trial court to correct its calculation of prejudgment interest awarded in the final judgment. On December 9, 2005, the trial court entered an amended final judgment, correcting the amount of prejudgment interest awarded to Alpaugh and *684 also ordering foreclosure of the lien in the event of nonpayment of damages by the appellees. On December 23, 2005, Al-paugh filed another motion for attorneys’ fees and costs. On January 9, 2006, the trial court denied Alpaugh’s motion, concluding that it was without jurisdiction to award attorneys’ fees and costs under rule 1.525 and that the correction of the erroneous calculation of prejudgment interest did not resurrect the trial court’s jurisdiction.
On appeal, Alpaugh argues that the judgment entered on October 20, 2004, was nonfinal because it did not dispose of the claim for lien foreclosure. Alpaugh contends that its December 23, 2005, motion for attorneys’ fees and costs was timely because it was filed within 30 days of the amended final judgment entered on December 9, 2005. Alpaugh claims that the trial court’s December 9, 2005, order did more than just recalculate the prejudgment interest included in the damages award of the October 20, 2004, judgment because it ruled on the lien foreclosure claim.
The appellees respond that the amended final judgment only corrected the prejudgment interest and did not reach any of the underlying claims of the complaint. The appellees assert that the amended final judgment did not trigger Alpaugh’s right to attorneys’ fees and costs by restarting the 30-day clock under rule 1.525.
The trial court’s “final judgment” entered on October 20, 2004, did not grant foreclosure of the lien. While ruling that the lien was not fraudulent (fraud having been raised as an affirmative defense by the appellees), the judgment did not rule on whether Alpaugh could foreclose on the lien. A claim for foreclosure of a lien is separate from other claims for damages. See, e.g., Schabert v. Montaltos, 445 So.2d 1136 (Fla. 2d DCA 1984) (contractor failed to establish a mechanic’s lien but obtained a money judgment for breach of contract); Mershon v. Buckles-Thompson, Inc., 383 So.2d 280, 280 (Fla. 5th DCA 1980) (“There is sufficient evidence to sustain the judgment on the oral contract but not for foreclosure of a mechanic’s lien.”). In Doug Hambel’s Plumbing, Inc. v. Conway, 883 So.2d 375, 376 (Fla. 4th DCA 2004), the trial court originally entered a judgment for and awarded damages to the plaintiff but denied plaintiffs request for a mechanic’s lien. The Fifth District reversed the denial of the mechanic’s lien, and the trial court entered a final judgment imposing a mechanic’s lien. Id. The plaintiff sought attorneys’ fees under section 713.29, Florida Statutes (2003). 883 So.2d at 376. The Fifth District held that “[i]t was not until this court reversed the denial of the lien ... and the trial court entered a judgment on the lien that the entitlement to fees under this statute ripened.” Id. Similarly, Alpaugh’s entitlement to attorneys’ fees on the lien foreclosure claim did not ripen until the trial court disposed of that claim in the amended final judgment.
Alpaugh’s December 23, 2005, motion for attorneys’ fees was timely filed because it was filed within 30 days of the amended final judgment. See Fla. R. Civ. P. 1.525 (“Any party seeking a judgment taxing costs, attorneys’ fees, or both shall serve a motion within 30 days after filing of the judgment....”); McFarland & Son, Inc. v. Basel, 877 So.2d 964, 966 (Fla. 5th DCA 2004) (holding that the judgment referred to in rule 1.525 “must be the judgment under which the party claims the right to” costs or fees). The judgment entered on October 20, 2004, was nonfinal because it did not dispose of all of the claims in the complaint. See Allie v. Ionata, 503 So.2d 1237, 1240 (Fla.1987) (“A final judgment is one that determines the rights of the parties and disposes of the case on its merits, *685 leaving nothing more to be done in the cause except execution.”); cf. Caldwell v. Finochi, 909 So.2d 976 (Fla. 2d DCA 2005) (holding that the order on the wife’s petition for modification of child support was a final order because it disposed of all the issues except for the ancillary issue of attorneys’ fees). Therefore, the trial court erred in concluding that the amended final judgment merely corrected the prejudgment interest awarded by the trial court in the original judgment and in denying Al-paugh’s December 23, 2005, motion for attorneys’ fees and costs as untimely filed.
We reverse the denial of the motion for fees and costs and remand for further proceedings on the motion.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and SALCINES, JJ., Concur.