982 So.2d 1253 (2008)
Mary A. NIEHAUS, Petitioner,
v.
BIG BEN'S TREE SERVICE, INC., Respondent.
No. 1D07-3083.
District Court of Appeal of Florida, First District.
June 2, 2008.
*1254 W.K. Lally of W.K. Lally, P.A., Jacksonville, for Petitioner.
Christopher J. Iseley and John F. Maroney of Tritt & Franson, P.A., Jacksonville, for Respondent.
HAWKES, J.
Petitioner challenges a circuit court order affirming the trial court's imposition of a construction lien on her property. Petitioner argues the circuit court departed from the essential requirements of the law by upholding the lien, as the parties never entered into a valid contract upon which the lien could be based. We agree.
The trial court made the following five findings of fact that are dispositive in resolving this case:
 Petitioner contacted Respondent regarding the removal of a broken tree which was in danger of falling.
 Respondent claimed Petitioner agreed to have the tree cut down and "removed" for $4,800.
 Respondent intended "remove" to have its technical meaning, which he testified in tree industry "parlance" meant simply moving the tree.
 Petitioner believed "remove" meant the tree would not only be cut down, but also taken from her property.
 Since Respondent never explained the "special" industry meaning of "remove," Petitioner's understanding of its meaning was reasonable.
After making these findings, the trial court ruled that Respondent had a valid lien on Petitioner's property in the amount of $5,095. This figure was reached by adding the court costs to the "removal" fee of $4,800. On appeal, the circuit court affirmed.
When determining whether to grant a common-law writ of certiorari, this Court's review is limited to whether the circuit court afforded due process and observed the essential requirements of the law. See Houck v. Fla. Parole Comm'n, 953 So.2d 692, 692 (Fla. 1st DCA 2007); Gillespie v. City of Destin, 946 So.2d 1195, 1197-1198 (Fla. 1st DCA 2006). This Court accepts the trial court's findings of fact as conclusive, unless the trial court departed from essential procedural requirements during the fact-finding process. See Chicken `N' Things v. Murray, 329 So.2d 302, 304 (Fla.1976).
Under Florida law, a construction lien can arise only when a valid contract exists between the parties. See § 713.05, Fla. Stat. (2006); Viking Cmtys. Corp. v. Peeler Constr. Co., 367 So.2d 737, 739 (Fla. 4th DCA 1979) (stating "a contract is essential to any mechanic's lien"). For a contract to exist, the parties must reach agreement as to the meaning of each material term. See St. Joe Corp. v. McIver, 875 So.2d 375, 381 (Fla.2004) (stating one basic requirement of contract law is specification of material terms); State v. Family Bank of Hallandale, 623 So.2d 474, 479 (Fla.1993) (finding "[m]utual assent [on material terms] is an absolute condition precedent to the formation of a contract").
Here, the trial court found that the parties had different understandings of the term "removal." This term was material *1255 to the contract as, in significant part, it defined the extent of Respondent's duties. Without agreement on this material term, the parties failed to enter into a contract.[1] Without a contract, a lien could not attach to Petitioner's property.
Accepting the trial court's factual findings, it is impossible to conclude the statutory requirements for a construction lien have been met. Thus, the circuit court departed from the essential requirements of the law in upholding the lien. Since Petitioner successfully defended against the imposition of the lien, her motion for appellate attorney's fees is GRANTED. See § 713.29, Florida Statutes (2006). We GRANT the writ and QUASH the circuit court's order.
ALLEN and DAVIS, JJ., concur.
NOTES
[1] We do not address whether the parties entered into a contract implied in law. A contract implied in law is not a contract at all, but a legal fiction hinging on the concept of unjust enrichment. See CDS & Assocs. of Palm Beaches, Inc. v. 1711 Donna Rd. Assocs., Inc., 743 So.2d 1223, 1224 (Fla. 4th DCA 1999); Commerce P'Ship 8098 Ltd. P'Ship v. Equity Contracting Co., Inc., 695 So.2d 383, 387-388 (Fla. 4th DCA 1997).