21 So.3d 38 (2009)
MERCURY INSURANCE COMPANY OF FLORIDA, Appellant,
v.
SHANDS TEACHING HOSPITAL AND CLINICS, INC., Appellee.
No. 1D08-1198.
District Court of Appeal of Florida, First District.
July 21, 2009.
Rehearing Denied October 5, 2009.
Lora A. Dunlap and Jeffrey W. Kirsheman of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellant/Cross Appellee.
Joel W. Walters, Walters Livine Klingensmith & Thomison, P.A., Sarasota, for Appellee/Cross Appellant.
BARFIELD, J.
This is an appeal and cross-appeal of a final judgment in an action for damages for impairment of a hospital lien under *39 chapter 88-539, Laws of Florida ("Alachua County Hospital Lien Law"). Mercury Insurance Company of Florida (Mercury) asserts, inter alia, that chapter 88-539, as well as the Alachua County ordinance enacted pursuant to that law, violates article III, section 11(a)(9), of the Florida Constitution. We agree and reverse the final judgment.
Essentially, the challenged statute entitles any "charitable hospital" located in Alachua County to a lien "for all reasonable charges for hospital care, treatment, and maintenance of ill or injured persons" upon "all causes of action, suits, claims, counterclaims, and demands accruing to such persons" and upon "all judgments, settlements, and settlement agreements rendered or entered into by virtue thereof," arising from the illness or the injuries necessitating the hospital care, except for workers' compensation injuries. It provides that no release or satisfaction of such a cause of action shall be valid as against the lien "unless such lienholder shall join therein or execute a release of such lien," and that any acceptance of such a release or satisfaction "shall prima facie constitute an impairment of such lien," entitling the lienholder hospital to an action at law to recover "the reasonable cost of such hospital care, treatment, and maintenance." It further provides: "If the lienholder shall prevail in such action, the lienholder shall be entitled to recover from the defendant, in addition to costs otherwise allowed by law, all reasonable attorney's fees and expenses incident to the matter." The hospital lien at issue attached to assets of a patient hospitalized at Shands, including the patient's cause of action against the tortfeasor, Mercury's insured, who injured the patient in a vehicle accident, thereby necessitating the patient's hospitalization.
Article III, section 11(a)(9), of the Florida Constitution provides that "[t]here shall be no special law or general law of local application pertaining to . . . creation, enforcement, extension or impairment of liens based on private contracts, or fixing of interest rates on private contracts." We find that chapter 88-539 is a special law which creates a lien based on a private contract between Shands and its patient, in violation of article III, section 11(a)(9), of the Florida Constitution.
The Florida Hospital Association, writing as amicus curiae, argues that Shands' hospital lien is not based on a private contract, but stems from a public pact with the hospital, which is required by federal law to provide emergency service. We find that the lien does not attach to the public's assets, but rather to the assets of the patient whose contract with the hospital is a private one, and therefore reject the argument of amicus.
While there may be a noble purpose in the Florida Legislature's allowing this hospital lien, doing so by means of a special law is not legal. If the legislature wishes to grant such lien rights, it should do so by general law which is applicable to all hospitals, not just to a select few.
The judgment is REVERSED and the case is REMANDED to the trial court with directions to enter judgment in favor of Mercury Insurance Company of Florida, and to consider Mercury's claim for attorney fees pursuant to its proposal for settlement. We find no merit to the other issues raised on appeal and cross-appeal.
THOMAS, J., concurs and CLARK, J., concurs with written opinion.
CLARK, J., Concurring.
It is well settled that a legislative enactment is presumed to be constitutional. Lawnwood Med. Ctr., Inc., v. Seeger, M.D., 990 So.2d 503 (Fla.2008); see also, Fla. Dep't. of Revenue v. City of Gainesville, *40 918 So.2d 250 (Fla.2005). This presumption is no different whether the law is a special or local law. See Lawnwood. However, legislative enactments must remain within the bounds of the constitutional limits upon the Legislature's power. The Florida Constitution is more restrictive upon the Legislature's authority to enact special laws than upon general laws. The constitutional limitation on the legislative power to enact laws "must be enforced as written," and when interpreting a constitutional provision, "less latitude is permitted [than for statutory construction] because it is presumed that they have been more carefully and deliberately framed than statutes." Lawnwood, 990 So.2d at 511 (citing Dep't. of Envtl. Prot. v. Millender, 666 So.2d 882, 886 (Fla.1996)).
The special law challenged here creates a lien in favor of non-profit charitable hospitals in Alachua County for the costs of hospital care upon the legal claims and settlements of patients treated by the hospital.[1] The special law further provides for enforcement when the lien is impaired. A patient's release of his or her claims against any party without the participation of the hospital "shall prima facie constitute an impairment of such lien," entitling the lienholder hospital to an action at law to recover "the reasonable cost of such hospital care, treatment, and maintenance," reasonable attorneys' fees, and costs. Ch. 88-539, § 4, Laws of Fla.
In this case, Krystal Price was injured by a vehicle insured by Mercury Insurance Company in December 2005. As a result, Ms. Price was admitted to Shands Hospital and received medical care valued at $38,418.20 from the hospital. Pursuant to chapter 88-539, Laws of Florida, Shands perfected and recorded its statutory lien upon Ms. Price's causes of action and settlements in connection with her injuries. Mercury Insurance was served a copy of the lien by certified mail but despite this notice of Shands' interest, Mercury Insurance obtained a release from liability from Ms. Price on April 14, 2006 and paid her $10,000.00 for such settlement. Shands Hospital did not participate in the transaction between Mercury and Ms. Price. On May 25, 2006, Mercury Insurance paid Shands $10,000.00 and Shands filed suit to enforce its lien for the remaining amount of $28,418.20 in reasonable medical care expenses.
In denying cross-motions for summary judgment, the trial court rejected Mercury's assertion that chapter 88-539, Laws of Florida, violated article III, section 11(a)(9) of the Florida Constitution. Ultimately, the trial court found that Mercury Insurance Company had impaired Shands' lien, damaged Shands in the amount of $10,000.00 and that Shands was entitled to attorneys' fees and costs pursuant to Section 4 of the special law.
The clear language of article III, section 11(a)(9), of the Florida Constitution prohibits special laws "pertaining to . . . creation, enforcement, extension or impairment of liens based on private contracts, or fixing of interest rates on private contracts." Hospitals have a contractual relationship *41 with each patient, either express or implied. Where the patient is admitted in an emergency situation, quasi-contract theory applies because the patient has accepted the medical services and in so doing, is deemed to have agreed to pay for them. The contract is implied so as to avoid unjust enrichment. Nursing Care Servs., Inc. v. Dobos, 380 So.2d 516 (Fla. 4th DCA 1980); see also Variety Children's Hosp., Inc. v. Vigliotti, 385 So.2d 1052 (Fla. 3d DCA 1980).
In this case, the application of chapter 88-539 was based upon the contract between Shands and Ms. Price resulting from the provision of medical services by Shands and Ms. Price's acceptance of these services. This was a private contract under which Ms. Price owed a debt to Shands for the cost of her medical treatment. While Shands might have had a cause of action against Ms. Price for breach of this contract, chapter 88-539 allowed the hospital to avoid contract litigation and proceed directly to enforce its statutory lien upon one of Ms. Price's assets, her interest in a lawsuit or other claim against the person or insurer of the person who caused her injuries.
Because chapter 88-539 is a special law which creates a hospital's lien upon a patient's interest in the patient's legal claims, it is a special law "pertaining to: ... creation, enforcement, extension or impairment of liens based on private contracts." I agree that it is prohibited by article III, section 11(a)(9), of the Florida Constitution.
NOTES
[1] The Special law provides in part as follows:

Section 1. Any nonprofit corporation operating a hospital that has qualified . . . as a charitable hospital, located in Alachua County, shall be entitled to a lien for all reasonable charges for hospital care, treatment, and maintenance of ill or injured persons upon any and all causes of action, suits, claims, counterclaims, and demands accruing to such persons . . . and upon all judgments, settlements, and settlement agreements rendered or entered into by virtue thereof, on account of illness or injuries giving rise to such causes of action, suits, settlements, or settlement agreements and which necessitate or shall have necessitated such hospital care, treatment and maintenance.